IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAMES WRIGHT**  **PLAINTIFF**
**ADC #142769**

v.  No. 4:24-cv-00476-LPR

**TERRI BANISTER, et al.**  **DEFENDANTS**

## ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Joe J. Volpe (Doc. 7) and the Plaintiff's Objections (Doc. 13).[1] After a *de novo* review of the RD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects.

Plaintiff objects to the dismissal of this case without an opportunity to amend his complaint, and he has submitted an Amended Complaint for this Court's consideration.[2] Plaintiff's objection is well-taken, and the Court has decided to screen the Amended Complaint.[3]

Plaintiff has materially amended his complaint in two ways. First, he has reconfigured his allegations against Defendant Banister in an attempt to state a retaliation claim.[4] He alleges that Banister "waived" Plaintiff's hearing, deprived him of his "right to be heard," and denied him the

---

[1] On September 11, 2024, at Plaintiff's request, the Court extended the deadline for filing objections to September 25, 2024. *See* Pl.'s Mot. to Reinstate (Doc. 10); Order (Doc. 11). On September 23, 2024, Plaintiff filed an Amended Complaint. *See* Doc. 12. Plaintiff also submitted Objections to the RD, but the document contained an erroneous case number and was thus filed in the wrong case. *See* Pl.'s Objections (Doc. 13) at 2. Plaintiff has re-filed his Objections in this case, and the Court considers them as though they were timely filed. *See id*. at 3–4.

[2] Pl.'s Objections (Doc. 13) at 3; Am. Compl. (Doc. 12).

[3] 28 U.S.C. § 1915A.

[4] Am. Compl. (Doc. 12) at 4.

right to appeal the adverse disciplinary decision "because [Plaintiff] stated[,] 'Fuck this.'"[5]

Plaintiff does not provide sufficient context concerning his profanity or allege any facts that could plausibly demonstrate a connection between Plaintiff's profanity and Banister's conduct. So, his retaliation claim fails.

Second, in an attempt to revive his due process claim, Plaintiff describes the punishment he received as a result of his disciplinary conviction, including a wrongful transfer to a maximum-security facility that deprived him of his security classification status and "proper yard call."[6] These allegations, however, still fail to invoke a constitutionally-protected liberty interest.[7]

Plaintiff's remaining claims fail for the same reasons stated in the RD.[8] Thus, and in short, Plaintiff's Amended Complaint does not fare any better than the original and must be dismissed.

For the foregoing reasons, Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 12) are DISMISSED without prejudice for failure to state a claim upon which relief may be granted. The Court recommends that dismissal of this case count as a "strike," in the future, for purposes of 28 U.S.C. § 1915(g). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 5th day of November 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[5] *Id*.

[6] *Id*.

[7] *Smith v. McKinney*, 954 F.3d 1075, 1083 (8th Cir. 2020).

[8] RD (Doc. 7) at 2–3.